14-1362-cv
Snowden v. Trustees of Columbia Univ.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand fifteen.

PRESENT:   JOHN M. WALKER, JR.,
              GUIDO CALABRESI,
              REENA RAGGI,
                   *Circuit Judges.*

---------------------------------------------------------------------

EMMA SNOWDEN,

           *Plaintiff-Appellant*,


      v.                            No. 14-1362-cv

THE TRUSTEES OF COLUMBIA UNIVERSITY,

           *Defendant-Appellee*.

---------------------------------------------------------------------

APPEARING FOR APPELLANT:      LOCKSLEY O. WADE, Law Office of Locksley O. Wade, LLC, New York, New York.

APPEARING FOR APPELLEE:      MICHAEL T. McGRATH, Putney, Twombly, Hall & Hirson LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

1

AND DECREED that the judgment entered on March 28, 2014, is AFFIRMED.

Plaintiff Emma Snowden, a former Columbia University employee, appeals from an award of summary judgment in favor of defendant on her claims of discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq.; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq.[1]  We review an award of summary judgment de novo, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. See Fed. R. Civ. P. 56(a); Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 842–43 (2d Cir. 2013).  We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     ADA Claims

Snowden argues that the district court erred in concluding, as a matter of law, that she failed to demonstrate a prima facie case of disability discrimination in her claim that Columbia failed to provide a reasonable accommodation.  We evaluate this claim under the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  See McMillan v. City of New York, 711 F.3d 120, 125 (2d Cir. 2013) (applying McDonnell Douglas framework to ADA claim based on failure to accommodate); see also McBride v. BIC Consumer Prods. Mfg. Co., 583 F.3d 92, 96 (2d Cir. 2009) (stating that, at first step of

---

[1] Snowden does not appeal from the judgment in favor of Columbia on her discrimination claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., nor the dismissal of her ADA retaliation claim.  Accordingly, we do not review those parts of the judgment here.

2

McDonnell Douglas analysis, plaintiff "must establish a prima facie case" (internal quotation marks omitted)). To establish a prima facie case under the ADA, a plaintiff must cite evidence showing that (1) her employer is subject to the ADA; (2) she was disabled within the meaning of the ADA; (3) she was otherwise qualified to perform the essential functions of her job, with or without reasonable accommodation; and (4) she suffered adverse employment action because of her disability. McMillan v. City of New York, 711 F.3d at 125. The district court determined that Snowden failed to carry her prima facie burden because (1) there was "no genuine dispute that Plaintiff could not perform the essential sorting, filing, bending, reaching, and stooping functions of her job"; and (2) Snowden "made no evidentiary showing that there was a reasonable accommodation available to Defendant at the time . . . her employment . . . was terminated." Snowden v. Trustees of Columbia Univ., No. 12 Civ. 3095 (GBD), 2014 WL 1274514, at *4–5 (S.D.N.Y. Mar. 26, 2014).

In urging otherwise, Snowden argues that material disputes regarding the essential functions of her position preclude an award of summary judgment. Determining the essential functions of a position requires "a fact-specific inquiry into both the employer's description of a job and how the job is actually performed in practice." McMillan v. City of New York, 711 F.3d at 126 (internal quotation marks omitted). Relevant factors include, among other things, "the employer's judgment, written job descriptions, the amount of time spent on the job performing the function, the mention of the function in a collective bargaining agreement, the work experience of past employees in the position,

3

and the work experience of current employees in similar positions." Id. (citing Stone v. City of Mount Vernon, 118 F.3d 92, 97 (2d Cir. 1997)); see 29 C.F.R. § 1630.2(n) (defining "essential functions" and listing factors relevant to determination).

Snowden asserts that the essential functions of her position were vigorously contested in the district court—especially whether lifting heavy boxes was an essential job function—and that, as a result, the district court erred in resolving this issue on summary judgment. We disagree. The district court expressly stated that it "[did] not find the heavy lifting issue to be determinative of Plaintiff's ADA discrimination claim, as there were other essential functions . . . that Plaintiff was not able to perform and for which she requested accommodation." Snowden v. Trustees of Columbia Univ., 2014 WL 1274514, at *4 n.5. Indeed, the district court explained that "sorting, filing, bending, reaching, and stooping" were also essential functions of Snowden's position—which Snowden did not dispute—and noted that she had requested accommodation based on her difficulty executing these functions. Id. at *4; see id. at *4 n.6 (citing Snowden's deposition testimony and Local Rule 56.1 Statement as "identifying 'sorting and filing' as primary functions of mail clerk job"); id. at *4 n.9 (citing Snowden's requested accommodation for "'gradual return to daily activity, such as lifting, bending, and reaching' in the form of 'help with lifting and carrying things, help with filing things that are [too] high or [too] low'"); see also J.A. 626–27 (stating, in Local Rule 56.1 Statement, that "[t]o perform her filing duties, Plaintiff was required to bend and stoop to file in the lower drawers and to reach out and up to file in the upper drawers"). Because Snowden did not dispute that

4

these were essential functions of her position, and because the undisputed facts support the district court's ruling on this issue, we identify no error in the district court's determination that there were essential functions of Snowden's job that she could not perform.

Snowden further contends that Columbia was not entitled to summary judgment because it failed to engage in a good-faith interactive process to determine whether any reasonable accommodations existed. "[A]n employer's failure to engage in a sufficient interactive process does not form the basis of a claim under the ADA," however, and evidence of such failure "does not allow a plaintiff to avoid summary judgment unless she also establishes that, at least with the aid of some identified accommodation, she was qualified for the position at issue." McBride v. BIC Consumer Prods. Mfg. Co., 583 F.3d at 101. Here, the district court concluded that (1) Snowden "made no specific showing that a reasonable accommodation was available to her employer, given her limited abilities to bend, reach, and lift"; and (2) to the extent Snowden sought "help" from other employees in executing these actions and performing her job functions, "such an accommodation constitutes an elimination of an essential function of [her] job and . . . is unreasonable under the law." Snowden v. Trustees of Columbia Univ., 2014 WL 1274514, at *5 (citing Gilbert v. Frank, 949 F.2d 637, 644 (2d Cir. 1991), and Shannon v. N.Y.C. Transit Auth., 332 F.3d 95, 100 (2d Cir. 2003)); see McMillan v. City of New York, 711 F.3d at 127 ("[A] reasonable accommodation can never involve the elimination of an essential function of a job." (internal quotation marks omitted)); Borkowski v. Valley Cent. Sch. Dist., 63 F.3d 131, 140 (2d Cir. 1995) (observing that employer not required to

5

accommodate individual with disability by eliminating essential job functions, and that "having someone else do part of a job may sometimes mean eliminating the essential functions of the job"). Snowden does not challenge these rulings on appeal, and we identify no error in the district court's conclusion that Snowden failed to demonstrate the existence of a reasonable accommodation that would allow her to perform the essential functions of her job.

2.    NYCHRL Claims

Snowden argues that the district court erred in dismissing her NYCHRL claims because it failed to conduct the independent analysis required under the NYCHRL. See Velazco v. Columbus Citizens Found., 778 F.3d 409, 410–11 (2d Cir. 2015). We disagree. The district court expressly stated that, "[a]pplying [the] separate analysis with a focus on the 'uniquely broad and remedial aspects' of the NYCHRL," Snowden failed to establish a prima facie case of discrimination under the NYCHRL. Snowden v. Trustees of Columbia Univ., 2014 WL 1274514, at *9 (quoting Williams v. N.Y.C. Hous. Auth., 61 A.D.3d 62, 66–68, 872 N.Y.S.2d 27, 31–33 (1st Dep't 2009)). Snowden contends that the district court nevertheless failed to conduct a "meaningful" analysis or to construe her claim "broadly in her favor." Appellant's Br. 18. To be sure, it would have been preferable for the district court to have stated its reasoning in more detail. Snowden, however, does not explain how a more detailed analysis would have altered the conclusion that—even with the burden resting on the employer, as it does under the NYCHRL—she could not perform the essential functions of her position, with or without a reasonable

6

accommodation.  Cf. Jacobsen v. N.Y.C. Health & Hosps. Corp., 22 N.Y.3d 824, 840 & n.3, 988 N.Y.S.2d 86, 97–98 & n.3 (2014) (holding that evidence created triable issue of fact on whether plaintiff "could have reasonably performed his essential job duties" upon transfer to another office, and emphasizing that, "in seeking a transfer, plaintiff was not improperly attempting to compel [his employer] to establish a new light-duty position or a permanent light-duty position" (internal quotation marks omitted)).  Indeed, the record does not compel a contrary conclusion as a matter of law.  Accordingly, on de novo review, we conclude that Snowden's NYCHRL claims were properly dismissed.

3.    Conclusion

We have considered Snowden's remaining arguments and conclude that they are without merit.   We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7